UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN H. JONES (#313554)

VERSUS                                        CIVIL ACTION

N. BURL CAIN, ET AL                           NUMBER 11-99-BAJ-SCR

consolidated with

JOHN H. JONES (#313554)

VERSUS                                        CIVIL ACTION

N. BURL CAIN, ET AL                           NUMBER 11-161-BAJ-SCR


**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 3, 2013.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)

VERSUS                                    CIVIL ACTION

N. BURL CAIN, ET AL                       NUMBER 11-99-BAJ-SCR

consolidated with

JOHN H. JONES (#313554)

VERSUS                                    CIVIL ACTION

N. BURL CAIN, ET AL                       NUMBER 11-161-BAJ-SCR

### <u>MAGISTRATE JUDGE'S REPORT</u>

Before the court are the consolidated Petitions Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by John H. Jones.

Petitioner John H. Jones applied to this Court for writs of habeas corpus in each of these consolidated cases. In CV 11-99-BAJ-SCR, the petitioner sought a writ of habeas corpus regarding his 2006 attempted second degree murder conviction. In CV 11-161-BAJ-SCR, the petitioner sought a writ of habeas corpus regarding his 2006 habitual offender adjudication, which occurred after his second degree murder conviction.

For the reasons which follow, both applications should be dismissed as untimely.

## I. Background

Petitioner was found guilty of one count attempted second degree murder in the Eighteenth Judicial District Court for West Baton Rouge Parish, Louisiana on April 19, 2006.

On direct appeal the petitioner asserted the following assignments of error:

1.   the trial court erred in not sustaining the defense objection to the sheriff testifying that the defendants were trying to kill the deputy; and,

2.   there was insufficient evidence to support the attempted second degree murder conviction.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. John H. Jones,* 2006-1543 (La. App. 1st Cir. 3/28/07) (unpublished opinion). Petitioner sought supervisory review in the Louisiana Supreme Court. The Louisiana Supreme Court denied review. *State of Louisiana v. John H. Jones*, 2007-0916 (La. 11/9/07), 967 So. 2d 501.

On October 3, 2006, the petitioner was adjudicated a habitual offender and was re-sentenced to life imprisonment in the custody of the Louisiana Department of Corrections without benefit of probation, parole or suspension of sentence.

Petitioner did not appeal his habitual offender adjudication or sentence.

Petitioner signed an application for post-conviction relief

("PCRA") on June 22, 2009 and it was filed on July 15, 2009. Petitioner asserted the following grounds for relief:

1. the prosecution knowingly used perjured testimony to obtain conviction in violation of due process;

2. the prosecution impermissibly vouched for the credibility of its witness;

3. trial counsel's joint representation of the petitioner and his co-defendant created a conflict of interest;

4. he was denied effective assistance of counsel when counsel failed to object to an erroneous jury instruction;

5. the prosecution suppressed favorable evidence in violation of his due process rights;

6. he was denied effective assistance of counsel when counsel stipulated to the testimony of an expert witness; and,

7. the trial court erred in admitting the recorded statement of a witness rendered unavailable as a result of his refusal to testify at trial.

Petitioner supplemented his PCRA with the following grounds for relief:

8. evidence improperly seized from his cell in violation of the Fourth Amendment was erroneously admitted into evidence;

9. he was denied due process due to improper prosecutorial comments;

10. he was denied effective assistance of counsel when counsel failed to move for a mistrial after a juror indicated that he could not be fair and impartial and was excused from the jury; and,

11. trial counsel's joint representation of the petitioner and his co-defendant created a conflict of interest when the petitioner wanted a bench trial while his co-defendant wanted a jury trial.

3

Following a hearing, the trial court denied the PCRA on August 5, 2010. Petitioner filed a Motion for De Novo Judicial Review of the grounds for relief raised in the supplemental PCRA.[1]

Petitioner sought review in the Louisiana First Circuit Court of Appeal which denied review on December 3, 2010. *State of Louisiana v. John H. Jones,* 2010-1581 (La. App. 1st Cir. 12/3/10).

Petitioner sought review in the Louisiana Supreme Court, which denied review on December 16, 2011, specifically relying on La.C.Cr.P. art. 930.3. *State of Louisiana ex rel. John H. Jones v. State of Louisiana*, 2010-2803 (La. 12/16/11), 76 So.3d 1191.

On July 28, 2009, the petitioner filed a Petition For Motion to Correct Illegal Sentence which was denied by the trial court on August 7, 2009.[2]  Petitioner apparently submitted a duplicate Motion to Correct Illegal Sentence which was denied by the trial court on  September 14, 2009.[3]

Petitioner sought review in the Louisiana First Circuit Court of Appeal.  On December 30, 2009, the Louisiana First Circuit Court of Appeal denied review specifically relying on La.C.Cr.P. art. 930.3 and holding that the claims regarding his habitual offender adjudication and sentence are not cognizable in a motion to correct

---

[1]  State Court Record, Vol. 2 – "Second Degree Murder Conviction".

[2]  State Court Record, Vol. 3.

[3]  *Id.*

4

illegal sentence and are not grounds for an application for post-conviction relief.  *State of Louisiana v. John Jones,* 2009-1832 (La. App. 1st Cir. 12/30/09).

Petitioner sought review in the Louisiana Supreme Court, which denied review on February 11, 2011, specifically relying on La.C.Cr.P. art. 930.3.  *State of Louisiana ex rel. John H. Jones v. State of Louisiana*, 2010-0279 (La. 2/12/11), 56 So.3d 992.

Petitioner mailed his first federal habeas corpus application (CV 11-99-BAJ-SCR) on February 22, 2011 and it was filed on February 23, 2011.

Petitioner signed his second federal habeas corpus application (CV 11-161-BAJ-SCR) on March 14, 2011, and it was filed on March 17, 2011.

## II. Applicable Law and Analysis

### A. Timeliness

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly

5

filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level. *Id*. at 407. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id*. After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional

tolling beginning at the time of the "proper" filing.  *Id*.

Petitioner's conviction became final on February 7, 2008, 90 days after the Louisiana Supreme Court denied review on November 9, 2007.[4]  From the date the petitioner's conviction became final until June 22, 2009, the date the petitioner signed his PCRA, 500 days elapsed.  By the time the petitioner filed his PCRA on June 22, 2009, the time for filing a federal habeas corpus application had already expired.  Petitioner's federal habeas corpus application was not timely filed.

Petitioner's federal habeas petition, filed more than four

---

[4] For the purpose of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs.").  Normally that time expires 90 days after the state court of last resort enters its judgment.  *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  But when the defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires."  *Id*.  This federal rule applies even where state law provides that finality occurs on a different date.  *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id*. at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

months after the one-year limitations period elapsed, is untimely unless there was a state-created impediment to timely filing or equitable tolling applies.

To establish a state-created impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). That is, the petitioner must show that the delay actually prevented him from filing a § 2254 petition in violation of the Constitution or federal law. *See id.* at 436-37. Petitioner did not allege a state-created impediment and has not shown that there was of one.

Nor is there any basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing

8

his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's applications for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, June 3, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE