UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)　　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　NO.: 3:11-cv-00099-BAJ-SCR

N. BURL CAIN, ET AL.　　　　　　　　　　　C/W 3:11-cv-00161-BAJ-SCR

## ORDER

Before the Court are two related petitions for habeas corpus under 28 U.S.C. § 2254 **(3:11-cv-00099 Doc. 1; 3:11-cv-00161 Doc. 1),** which this Court has consolidated and treated as one, (*see* 3:11-cv-00099 Doc. 3; 3:11-cv-00161 Doc. 5). The Magistrate Judge has issued a **REPORT (3:11-cv-00099 Doc. 21)** recommending that "that the petitioner's applications for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d)," because neither was filed within one-year of Petitioner's conviction having become final, and Petitioner did not otherwise show "there was a state-created impediment to timely filing or [that] equitable tolling applies." (*See id.* at pp. 8–10). Petitioner filed timely objections to the Magistrate Judge's Report. (3:11-cv-00099 Doc. 22).

The Court agrees with the Magistrate Judge's finding that Petitioner did not file either of his habeas petitions within one-year of the date when the state court conviction that he is challenging became final, as required for a habeas petition to be timely under 28 U.S.C. § 2244(d)(1)(A). However, that is not the end of the inquiry. From the face of Petitioner's petition, it appears that among his claims is an argument that he "is 'actually Innocent' of the substantive offense" at issue. (*See*

3:11-cv-00161 Doc. 1 at pp. 4–5). Recently, the U.S. Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whe[n] the impediment is . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Magistrate Judge's Report does not address whether Petitioner has sufficiently proved his actual innocence claim, such that he escapes the statute of limitations set out in § 2244(d)(1).

Accordingly,

**IT IS ORDERED** that Petitioner's consolidated § 2254 petition is **REFERRED BACK** to the Magistrate Judge for further analysis in light of *McQuiggin v. Perkins*. The Magistrate Judge shall issue a supplemental report addressing the matter identified by the Court within 60 days.

Baton Rouge, Louisiana, this 5th day of November, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

2

Case 3:11-cv-00099-BAJ-SCR   Document 25   11/05/13   Page 2 of 2