UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)

VERSUS                                             CIVIL ACTION

N. BURL CAIN, ET AL                                NUMBER 11-99-BAJ-SCR

consolidated with

JOHN H. JONES (#313554)

VERSUS                                             CIVIL ACTION

N. BURL CAIN, ET AL                                NUMBER 11-161-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 12, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)

VERSUS                                               CIVIL ACTION

N. BURL CAIN, ET AL                                  NUMBER 11-99-BAJ-SCR

consolidated with

JOHN H. JONES (#313554)

VERSUS                                               CIVIL ACTION

N. BURL CAIN, ET AL                                  NUMBER 11-161-BAJ-SCR

**SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT**

On June 3, 2013, the undersigned issued a Magistrate Judge's Report recommending that the consolidated Petitions Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by John H. Jones be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).[1]  On November 5, 2013, the district judge referred the consolidated § 2254 petitions back to the undersigned for further analysis in light of *McQuiggin v. Perkins*, ____ U.S. ____, 133 S.Ct. 1924 (2013).

**I. Background**

Petitioner John H. Jones applied to this Court for writs of habeas corpus in each of these consolidated cases.

---

[1] Record document number 21. See also record document number 5 in CV 11-161, Order of Consolidation.

In CV 11-99-BAJ-SCR, the petitioner sought a writ of habeas corpus regarding his 2006 attempted second degree murder conviction.  A jury found the petitioner guilty of one count attempted second degree murder in the Eighteenth Judicial District Court for West Baton Rouge Parish, Louisiana on April 19, 2006. The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence.  *State of Louisiana v. John H. Jones,* 2006-1543 (La. App. 1st Cir. 3/28/07) (unpublished opinion).  Petitioner sought supervisory review in the Louisiana Supreme Court.  The Louisiana Supreme Court denied review.  *State of Louisiana v. John H. Jones*, 2007-0916 (La. 11/9/07), 967 So. 2d 501.

In CV 11-161-BAJ-SCR, the petitioner sought a writ of habeas corpus regarding his 2006 habitual offender adjudication, which occurred after his attempted second degree murder conviction. Specifically, on October 3, 2006, the petitioner was adjudicated a habitual offender and was re-sentenced to life imprisonment in the custody of the Louisiana Department of Corrections without benefit of probation, parole or suspension of sentence.  Petitioner did not appeal his habitual offender adjudication or sentence.

## II. Applicable Law and Analysis

### A. Actual Innocence

In his Order the district judge agreed that the petitions are untimely.  Citing the petition in CV 11-161, he found that from the

2

face of the petition it appears that among the petitioner's claims is an argument that he "is 'actually Innocent' of the substantive offense" at issue.[2] Based on that determination, the consolidated petition was referred back to the undersigned for further analysis in light of *McQuiggin v. Perkins*.

In *McQuiggin* the Supreme Court resolved a circuit split by holding that a habeas petitioner can overcome the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by making a convincing showing of actual innocence. *McQuiggin*, 133 S.Ct. at 1928 (referencing 28 U.S.C. § 2244(d)(1)).[3] *McQuiggin* held that a petitioner attempting to overcome the

---

[2] Record document number 25, Order, citing CV 11-161, record document number 1. The quoted language appears on page 21 of record document number 1, which is page 5 of the petitioner's Argument.

[3] "Actual innocence" is not a free-standing ground for habeas corpus relief. *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006) ([A]ctual-innocence is *not* an independently cognizable federal-habeas claim."); *Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir. 2000), *cert. denied*, 532 U.S. 915, 121 S.Ct. 1250 (2001); *see also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 40, 113 S.Ct. 853, 862 (1993)(citing *Townsend v. Sain*, 372 U.S. 293, 317, 83 S.Ct. 745, 759 (1963)). The Supreme Court reaffirmed in *McQuiggin*, 133 S.Ct. at 1931, that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. Assuming that the quoted language from CV 11-161 asserts a claim alleging actual innocence of the underlying substantive offense of attempted second degree murder, the stand-alone actual innocence claim is not a cognizable federal habeas claim.

expiration of the AEDPA statute of limitations by showing actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)). *McQuiggin* held that unjustifiable delay on the part of a habeas petitioner, while not to be viewed as "an absolute barrier to relief," should still be considered as a "factor in determining whether actual innocence has been reliably shown." *Id*.

To open the gateway to federal habeas review a petitioner asserting his actual innocence of the substantive offense must: (1) present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006) *citing Schlup v. Delo*, 513 U.S. 298, 299, 324-29, 115 S.Ct. 851, 854, 865-868 (1995).

The *Schlup* standard "is demanding and permits review only in the 'extraordinary' case." *Id*. at 538, 126 S.Ct. at 2077. In applying the *Schlup* standard, the Fifth Circuit has held that: (1) the petitioner "bears the burden of establishing that it is more likely than not that no reasonable juror would have convicted him

4

in light of the new evidence"; (2) "there is no presumption of innocence at a habeas proceeding" and the petitioner "comes before the habeas court with a strong - and in the vast majority of the cases conclusive - presumption of guilt"; and, (3) the *Schlup* standard "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005).

The petitions cite no new evidence which could support finding that the petitioner is actually innocent of the substantive offense at issue, i.e. attempted second degree murder.  Needless to say, the petitions are far from sufficient to find that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  Therefore, the petitioner has not overcome the expiration of the AEDPA statute of limitations.

## RECOMMENDATION

For the reasons set forth in the Magistrate Judge's Report issued June 3, 2013, as supplemented herein, it is the recommendation of the magistrate judge that the petitioner's applications for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, November 12, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5